## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 12 2018, 9:36 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael C. Borschel
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Pierre Devon Porter, *Appellant-Defendant,* | February 12, 2018 |
| v. | Court of Appeals Case No. 49A02-1709-CR-2160 |
| | Appeal from the Marion Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Mark D. Stoner, Judge |
| | Trial Court Cause No. 49G06-1705-F3-16526 |

**Kirsch, Judge.**

Pierre Devon Porter ("Porter") appeals his conviction for criminal confinement while armed with a deadly weapon,[1] a Level 3 felony, contending that the State failed to present sufficient evidence of confinement.[2]

We affirm.

## Facts and Procedural History

Paula Shofner ("Shofner") met and began dating Porter in January of 2017. On May 2, 2017, she received a phone call from a male friend that angered Porter. When Shofner was driving Porter back to his house later, Porter was still angry about the phone call. He broke several of the vents in Shofner's car and then began to choke her while she was driving. Shofner pulled into a gas station, and both she and Porter exited the vehicle.

Shofner ran into the gas station and told the clerks to lock the door. Moments later, Porter entered the gas station store yelling, "you want to play with guns" and began chasing Shofner around the store. *Tr. Vol. II* at 57. He then ran back to the entrance of the store, set his black backpack down, and pulled out a black .380 caliber handgun. He racked the slide of his handgun to chamber a round, grabbed Shofner, placed his handgun on the side of her head, and said, "Let's go." *Id*. at 58. James Ballard, one of the gas station clerks, told Porter "man

[1] S*ee* Ind. Code § 35-42-3-3.

[2] Porter was also convicted of criminal recklessness, a Level 6 felony, possession of marijuana, a Class B misdemeanor, and battery causing bodily injury, a Class A misdemeanor, and was adjudicated to be a habitual offender. Those convictions and the adjudication are not at issue in this appeal.

don't shoot her, it ain't worth it," *id*. at 59-60, as Shofner cried and had her hands up, attempting to duck away from Porter. Porter held Shofner in place, reached into her waistband, and took her handgun away from her. Then Porter took his backpack and briefly left the store, but returned moments later to grab Shofner by the hair and forcibly remove her.

[5] Once they were outside, Shofner was able to break away from Porter and run to her car. As Shofner entered her vehicle and attempted to drive away, Porter fired two rounds into the pavement in front of her vehicle. Shofner drove away from the gas station and called 911. Law enforcement officers responded to a report of shots fired at the gas station and located Porter walking a short distance away. Officers found two spent 9mm shell casings in the parking lot of the gas station, and video footage of Porter's actions caught on the gas station's security cameras. Officers arrested Porter and discovered two handguns in his backpack.

[6] The State charged Porter with various offenses due to his actions, including criminal confinement as a Level 3 felony. A jury trial was held, and Porter was found guilty of several of the charged offenses, including Level 3 felony criminal confinement. Porter now appeals his conviction for criminal confinement.

# Discussion and Decision

[7] Porter claims that the State failed to present sufficient evidence to support his conviction for Level 3 felony criminal confinement. Specifically, Porter argues that there was insufficient evidence proving that he actually confined Shofner.

[8] When considering a claim of insufficient evidence, we adhere to a long-settled standard of review. We do not reweigh evidence or assess the credibility of witnesses, and we will consider only the evidence, and the reasonable inferences drawn therefrom, that are most favorable to the verdict. *Gleason v. State,* 965 N.E.2d 702, 708 (Ind. Ct. App. 2012). We will affirm a conviction "if the evidence and those inferences constitute substantial evidence of probative value to support the verdict." *Id.* "Reversal is appropriate only when a reasonable trier of fact would not be able to form inferences as to each material element of the offense." *Id.*

[9] Indiana Code section 35-42-3-3(a) provides in applicable part that, "A person who knowingly or intentionally confines another person without the other person's consent commits criminal confinement. The statute further provides that the offense is a Level 3 felony if it is committed while armed with a deadly weapon. Ind. Code § 35-42-3-3(2)(A).

[10] Here, the evidence showed that Porter chased Shofner around the gas station store, pulled out a black .380 caliber handgun, racked the slide of his handgun to chamber a round, grabbed Shofner, placed his handgun on the side of her

head, and said, "Let's go." *Tr. Vol. II* at 58. He then grabbed Shofner by the hair and forcibly removed her from the store.

[11] Indiana Code section 35-42-3-1 provides that confine means to "substantially interfere with the liberty of a person." In grabbing Shofner, placing a gun to the side of her head, and forcibly removing her from the store, Porter substantially interfered with her liberty. Considering only the evidence most favorable to the verdict, sufficient evidence was presented to support Porter's conviction for criminal confinement as a Level 3 felony. Accordingly, we affirm his conviction.

[12] Affirmed.

[13] Bailey, J., and Pyle, J., concur.